**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **PORCHA ANTRAVES BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.** |
| **v.** | ) | |
| | ) | |
| **NAVY FEDERAL CREDIT UNION** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Navy Federal Credit Union ("Navy Federal"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, hereby gives notice of the removal of this action from the Circuit Court for Shelby County, Tennessee, to the United States District Court for the Western District of Tennessee, Western Division. In support thereof, Navy Federal states as follows:

### PROCEDURAL HISTORY

1.      Plaintiff, Porcha Antraves Brown ("Plaintiff"), initially filed her civil warrant complaint against Navy Federal in the General Sessions Court for Shelby County, Tennessee, which was assigned Case No. 2350612 and related to the servicing and collection of her automobile loan with Navy Federal. Given these allegations, Navy Federal sought to remove this action to the Circuit Court for Shelby County, Tennessee. The General Sessions Court granted Navy Federal's motion, and post-removal to the Circuit Court for Shelby County, Tennessee, the case was assigned Case No. CT-1361-26. On April 1, 2026, Plaintiff filed the operative amended complaint ("Complaint"), which, inter alia, contains causes of actions for alleged violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq*. ("FCRA"). A true and correct copy of the state-court record is collectively attached hereto as **Exhibit 1**.

66766465 v1

2.     The Complaint specifically alleges Navy Federal negligently and willfully violated multiple provisions of the FCRA and continues to furnish false credit information with respect to Plaintiff. Therefore, Plaintiff further alleges Navy Federal is liable for defamation of her credit.

3.     Though Navy Federal was previously served with the General Sessions complaint, this action was not removable until Plaintiff served Navy Federal with the operative Complaint asserting federal causes of action filed on April 1, 2026. As such, this Notice of Removal is timely under 28 U.S.C. § 1446.

4.     This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. In pertinent part, section 1441 provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441.

## FEDERAL QUESTION JURISDICTION EXISTS

5.     Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists [] when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation modified).

6.     This is a civil action arising under the Constitution, laws, or treaties of the United States because Plaintiff assert claims against Navy Federal based upon alleged violations of the FCRA, a federal statute. (*See* Ex. 1, Compl.) Accordingly, Plaintiff's FCRA claims raise

2

substantial federal questions on the face of the Complaint. Therefore, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *See, e.g.*, *Thomas v. BrandAuto Fin.*, No. 1:18-CV-252, 2019 WL 1769152, at *1 (E.D. Tenn. Apr. 22, 2019). Moreover, Plaintiff specifically seeks relief for the allegedly incorrect reporting of credit tradelines, which is governed by the FCRA, so Plaintiff's state-law claim for defamation of credit "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).[1]

### SUPPLEMENTAL JURISDICTION

7.      Even so, this Court has supplemental jurisdiction over Plaintiff's defamation of credit claim. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part: "[I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…." Here, Plaintiff's defamation of credit claim arises from Navy Federal's relationship and conduct concerning

---

[1] Importantly, the Sixth Circuit has held:

> The FCRA preempts state common law causes of action concerning a furnisher's reporting of consumer credit information to consumer reporting agencies. Plaintiffs' claims for breach of the duty of good faith and fair dealing and tortious interference with contractual relationships concern First Southern's reporting of Plaintiffs' credit information to consumer reporting agencies. Therefore, the district court correctly concluded that the FCRA preempts Plaintiffs' claims for breach of the duty of good faith and fair dealing and tortious interference with contractual relationships.

*Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019). Thus, this Court has federal question jurisdiction even over Plaintiff's state-law claim.

Plaintiff's subject account, including its collection and credit reporting. Therefore, removal is proper under 28 U.S.C § 1441(a).

## ADOPTION AND RESERVATION OF DEFENSES

8.      Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Navy Federal's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## PROCEDURAL REQUIREMENTS

9.      This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

10.     True and correct copies of "all process, pleadings, and orders" served upon Navy Federal to date are collectively attached hereto as **Exhibit 1** in conformity with 28 U.S.C. § 1446(a).

11.     This Notice of Removal is filed within the time set forth in 28 U.S.C. § 1446.

12.     The United States District Court for the Western District of Tennessee, Western Division, is the court embracing the place where this action is pending in state court.

13.     Contemporaneously with the filing of this Notice of Removal, Navy Federal shall file a copy of the same with the Clerk of the Circuit Court for Shelby County, Tennessee, as well as a Notice of Filing the Notice of Removal, which is attached hereto as **Exhibit 2**. Written notice of the filing of this Notice of Removal will also promptly be served upon Plaintiff.

66766465 v1

14.     Navy Federal reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED**, Navy Federal prays this Court takes jurisdiction of this action and issues all necessary orders and process to remove this action from the Circuit Court for Shelby County, Tennessee, to the United States District Court for the Western District of Tennessee, Western Division.

DATED: April 14, 2026.

Respectfully submitted,

*/s/ Cole Hodge*
Cole Hodge, Esq. (BPR No. 039337)
BURR & FORMAN LLP
200 East Broward Boulevard, Suite 1020
Fort Lauderdale, FL 33301
Telephone: (954) 414-6200
Facsimile: (954) 414-6201
Email: chodge@burr.com
Email: rzamora@burr.com
Email: flservice@burr.com

*Counsel for Defendant*
NAVY FEDERAL CREDIT UNION

5

66766465 v1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 14, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system.  **I FURTHER CERTIFY** that copy of the foregoing was served by US Mail upon:

Porcha Antraves Brown
4760 Egret Drive S., Apt. 103
Millington, TN 38138
*Pro Se Plaintiff*

*/s/ Cole Hodge*
Cole Hodge, Esq. (BPR No. 039337)
BURR & FORMAN LLP

6

66766465 v1