# EXHIBIT "1"

# IN THE CIRCUIT COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## NOTIFICATION OF TRANSFER

**PORCHA ANTRAVES BROWN**
**4760 EGRET DRIVE S #103**
**MILLINGTON, TN 38053**

TO WHOM IT MAY CONCERN,
You are hereby notified that the case of:

## PORCHA ANTRAVES BROWN VS NAVY FEDERAL CREDIT UNION

TRANSFER FROM GENERAL SESSIONS CIVIL COURT: 03/11/2026
GENERAL SESSIONS CASE NO #: 2350612

It was filed in Circuit Court on 03/24/2026
Assigned docket #: CT-1361-26
In Division: FIVE

As a courtesy, the Clerk's office will notify you when the case is set to be heard. It is incumbent on you to know the current status of the case. Please notify the Clerk's office in writing of an address change.

**JAMITA E. SWEARENGEN,** Clerk

By:    NATASHA PUGUES
**MANAGER-FILE COUNTER**

# IN THE CIRCUIT COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## NOTIFICATION OF TRANSFER

**COLE HODGE, ESQ**
**BURR & FORMAN LLP**
**200 EAST BROWARD BOULEVARD**
**SUITE 1020**
**FORT LAUDERDALE, FL 33301**

TO WHOM IT MAY CONCERN,
You are hereby notified that the case of:

## PORCHA ANTRAVES BROWN VS NAVY FEDERAL CREDIT UNION

TRANSFER FROM GENERAL SESSIONS CIVIL COURT: 03/11/2026
GENERAL SESSIONS CASE NO #: 2350612

It was filed in Circuit Court on 03/24/2026
Assigned docket #: CT-1361-26
In Division: FIVE

As a courtesy, the Clerk's office will notify you when the case is set to be heard.  It is incumbent on you to know the current status of the case.  Please notify the Clerk's office in writing of an address change.

**JAMITA E. SWEARENGEN,** Clerk

By:    NATASHA PUGUES
**MANAGER-FILE COUNTER**

**IN THE GENERAL SESSIONS COURT FOR SHELBY COUNTY TENNESSEE**

PORCHA ANTRAVES BROWN,

    Plaintiff,

v.

NAVY FEDERAL CREDIT UNION,

    Defendant.

_____/

CASE NO. 2350612

*FILED*
MAR 2 4 2026
CIRCUIT COURT CLERK
BY _____ D.C.
CT-1361-26
DIV V

## ORDER GRANTING MOTION TO REMOVE TO CIRCUIT COURT

**THIS CAUSE** came to be heard on March 11, 2026, regarding Defendant's Navy Federal Credit Union ("Navy Federal") Motion to Remove to Circuit Court ("Motion"). Premises considered, and for good cause, it is hereby:

**ORDERED AND ADJUDGED** that,

1. Navy Federal's Motion is GRANTED.

2. Clerk is directed to transfer this action and all items therein to the Shelby County Circuit Court.

**DONE AND ORDERED** in Shelby County, Tennessee on this 11th day of March, 2026.

_____
GENERAL SESSIONS COURT JUDGE
DIV IV

*Copies to all parties of record.*

**FILED**
MAR 2 4 2026
CIRCUIT COURT CLERK
BY _____ D.C.

CT-1361-26
DIV V

# COURT OF GENERAL SESSIONS
# SHELBY COUNTY, TENNESSEE

2350612

PORCHA A. BROWN V NAVY FEDERAL
CREDIT UNION

**Trial Date**

3-11-26                          10

12/11/2025  12:00      AMAHON

PLT    PORCHA A BROWN

PSP    PORCHA A BROWN

DFT    NAVY FEDERAL CREDIT
        UNION

ATD: _____

I, _Alexis Mahon_ Deputy clerk of the Court of General Sessions, Shelby County, Tennessee do hereby certify this to be an accurate copy of the original Civil Warrant filed this _11th_ day of _Dec_ 20__

## State of Tennessee, County of Shelby

CIVIL WARRANT NO. _2350612_

**To Any Lawful Officer to Execute and Return:**

Summon to appear before the Court of General Sessions of Shelby County, Tennessee, Room 106 Shelby County Courthouse, 140 Adams Ave., Memphis, Tennessee

Defendant _Navy Federal Credit Union_

Address _820 Follin Lane SE_ _Vienna, VA 22180_

Defendant ___

Address ___

Defendant ___

Address ___

on DAY _Wed._  DATE _March 11_ 20 _26_ TIME _10:00_  A.M. / P.M.

to answer in a civil action brought by the Plaintiff (s) _Porcha Antraves Brown_

for _failure to validate a debt, reported false information, sent contradictory collection notices including a repossession threat, i ignored my dispute and administrative process. I've exhausted all remedies so I'm seeking relief_

under _10,000_ Dollars

Issued this _11_ day of _Dec_ 20 _26_

TAMARA A. SAWYER Clerk of General Sessions Court Code No. _____

_Alexis Mahon_

By_____
                    Deputy Clerk

Atty. For Plft. _(Pro Se) Porcha A Brown_

Address _4760 Egypt Dr S #103 Millington TN 3105_

Phone _901-499-7927_

B.P.R. No. _____

## JUDGMENT

_____ Judgment for_____

_____ and Cost

of suit and litigation taxes, for which Execution may issue.

This _____ day _____ 20 ___

_____

Judge of Division _____

## SERVICE

Came to hand same day issued and executed as commanded on _____

Came to hand same day issued and executed as commanded on _____

This ___ day of _____ 20 ___
Sheriff/Process Server

This ___ day of _____ 20 ___
Sheriff/Process Server

***SEE OTHER SIDE FOR ADDITIONAL SERVICE****

9214890194038347971768

**Division of Business and Charitable Organizations**
**Department of State**
State of Tennessee
312 Rosa L. Parks Avenue, 6th Floor
Nashville, Tennessee 37243
Phone: (615) 741-2286
sos.tn.gov/

RECEIVED
DEC 2 9 2025
By _____

**Tre Hargett**
Secretary of State

NAVY FEDERAL CREDIT UNION
820 FOLLIN LANE SE
VIENNA, VA 22180

12/19/2025

RE: PORCHA ANTRAVES BROWN

VS: NAVY FEDERAL CREDIT UNION

## Notice of Service

The enclosed process, notice or demand is hereby officially served upon you by the Tennessee Secretary of State pursuant to Tennessee law. Please refer to the process, notice or demand for details concerning the legal matter. If you have any questions, please contact the clerk of the court that issued the process, notice or demand.

The process, notice or demand may have a court date and time that you must appear to defend yourself or the number of days from the date of service by which you are required to file an answer. Failure to appear in court at the time specified or failure to file an answer in the given time could result in a default judgement being rendered against you for relief sought in the lawsuit.

The Secretary of State's office cannot give you legal advice. If you need legal advice, please consult a private attorney.

Tre Hargett
Secretary of State

### DOCUMENT INFORMATION

SOS Summons #:     C2025112766

Case #:              2350612

Certified #:          9214890194038347971768

SS-4214 (Rev. 8/15)

RDA 1003

I, _Alexis Mahon_ Deputy clerk of the Court of General Sessions, Shelby County, Tennessee do hereby certify this to be an accurate copy of the original Civil Warrant this 11th day of _____

# State of Tennessee, County of Shelby

CIVIL WARRANT NO. _2350612_

**To Any Lawful Officer to Execute and Return:**
Summon to appear before the Court of General Sessions of Shelby County, Tennessee, Room 106 Shelby County Courthouse, 140 Adams Ave., Memphis, Tennessee

Navy Federal Credit Union
Defendant _____ Defendant _____ Defendant _____

Address 820 Follin Lane SE _____ Address _____ Address _____
Vienna, VA 22180

on DAY _Wed._ DATE _March 11_ 20 _26_ TIME _10:00_ (A.M.)/ P.M.

to answer in a civil action brought by the Plaintiff (s) _Porcha Antraves Brown_

for _failure to validate a debt, reported false information, sent contradictory collection notices including a repossession threat, ignored my dispute and administrative process. I've exhausted all remedies so I'm seeking relief_

under _10,000_ Dollars

Atty. For Plft. (Pro se) Porcha A Brown
Address _4700 Egret Dr S #103  Millington TN 3705_
Phone _901-499-7927_

Issued this _11_ day of _Dec._ 20 _25_

**TAMARA A. SAWYER Clerk of General Sessions Court** Code No. _____

B.P.R. No. _____

By_____
          Deputy Clerk

## JUDGMENT

Judgment for _____

_____ and Cost

of suit and litigation taxes, for which Execution may issue.

This _____ day _____ 20 ___ _____

Judge of Division _____

## SERVICE

Came to hand same day issued and executed as commanded on _____

Came to hand same day issued and executed as commanded on _____

This _____ day of _____ 20 ___
Sheriff/Process Server

This _____ day of _____ 20 ___
Sheriff/Process Server

***SEE OTHER SIDE FOR ADDITIONAL SERVICE****

****AND NOTICE TO DEFENDANT(S)****

Came to hand same day issued and executed as commanded on _____

Came to hand same day issued and executed as commanded on _____

This_____ day of _____ 20 _____

Sheriff/Process Server

This__ _____day of _____ 20___

Sheriff/Process Server

## NOTICE

## TO THE DEFENDANT (S):

Pursuant to Tennessee code annotated 26-2-114, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## AFFIDAVIT

To the best of my information and belief, after investigation of Defendant's employment, I hereby make affidavit that the Defendant is / is not a member of a military service.

_____
Attorney for Plaintiff or Plaintiff

_____
Notary Public

My Commission Expires:_____

**For Assistance in accessing the Courthouse:**
**(901) 222-2341**

**Division of Business and
Charitable Organizations**
Secretary of State Tre Hargett

**State of Tennessee**
312 Rosa L. Parks Avenue, 6th Floor
Nashville, Tennessee 37243-1102

CERTIFIED MAIL

2350612

USPS CERTIFIED MAIL

9214 8901 9403 8347 9717 68

FIRST-CLASS

US POSTAGE ~ PITNEY BOWES

ZIP 37243  $ 008.86⁰
02 7W
0008032156 DEC 23 2025

NAVY FEDERAL CREDIT UNION
820 FOLLIN LANE SE
VIENNA, VA 22180
USA





IN THE GENERAL SESSIONS COURT OF TENNESSEE

FOR SHELBY COUNTY

PORCHA A. BROWN,

Plaintiff

v.                                  Case No. 2350612

NAVY FEDERAL CREDIT UNION,

Defendant

GENERAL SESSIONS CIVIL
MAR 9 '26 PM3:45

PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO REMOVE TO CIRCUIT COURT

COMES NOW the Plaintiff, Porcha A. Brown, appearing pro se, and respectfully submits this Objection to Defendant's Motion to Remove this matter to Circuit Court. In support thereof, Plaintiff states as follows:

1. Nature of the Case

This matter arises from a dispute regarding an auto loan account serviced by Defendant, Navy Federal Credit Union. Plaintiff filed this action in General Sessions Court seeking relief for Defendant's continued adverse credit reporting and collection activity while the account remained formally disputed.

2. Defendant's Motion to Remove

Defendant has filed a Motion to Remove this case to Circuit Court, asserting that the matter involves issues requiring discovery and legal defenses governed by federal law.

3. Case Is Appropriate for General Sessions Court

Plaintiff respectfully submits that removal is unnecessary because the issues presented in this case are straightforward and can be resolved within the jurisdiction of this Court. The central issues involve:

- the existence of a disputed account;

- Defendant's credit reporting and collection activity during the dispute; and

- the damages resulting from that conduct.

These issues do not require extensive discovery or complex litigation and are appropriate for determination by this Court.

4. Defendant Has Been Aware of the Dispute for Months

Defendant has been aware of Plaintiff's dispute and claims for several months prior to the filing of this action. Plaintiff provided written disputes and supporting documentation to Defendant well before initiating this lawsuit. Removal at this stage would unnecessarily delay resolution of the matter.

5. Removal Would Cause Unnecessary Delay and Prejudice

This case is currently set for hearing in General Sessions Court. Transferring the matter to Circuit Court would significantly delay the proceedings and prolong the harm caused by Defendant's ongoing adverse credit reporting. Plaintiff respectfully requests that the Court allow the case to proceed in the current forum so the dispute may be resolved without further delay.

WHEREFORE

Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Remove to Circuit Court, allow this matter to remain in General Sessions Court, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

Porcha A. Brown, Plaintiff (Pro Se)

6099 Hamlet Rd

Millington, TN 38053

Phone: 901-499-7927

Email: pbnorwood36@gmail.com

Date: 3|9|2026

## IN THE GENERAL SESSIONS COURT FOR SHELBY COUNTY TENNESSEE

PORCHA ANTRAVES BROWN,   )
              )
  **Plaintiff,**       )
              )
**v.**             )   **CASE NO. 2350612**
              )
**NAVY FEDERAL CREDIT UNION**  )
              )
  **Defendant,**      )
              )

### MOTION TO REMOVE TO CIRCUIT COURT

Defendant, Navy Federal Credit Union ("Navy Federal"), pursuant to Tenn. Code Ann. § 16-15-732, respectfully moves the Court to have this action and all related the papers in Docket No. 2350612 removed to the Circuit Court for Shelby County, Tennessee, and states the following:

This action, initiated by Plaintiff, Porcha Antraves Brown ("Plaintiff"), involves factually intensive circumstances surrounding the financing of a 2024 Buick Encore GX and the subsequent servicing and credit reporting of Plaintiff's related account with Navy Federal. Directly, Plaintiff's Complaint alleges that Navy Federal failed to "validate a debt, reported false information, sent contradictory collection notices[,] including a repossession threat, ignored [Plaintiff's] dispute and administrative process."[1] (Ex. A.)

As explained in the Affidavit of Cole Hodge, Esq., dated February 17, 2026 ("Affidavit"), and which is attached hereto as **Exhibit B**, this case involves multiple, complex issues of fact and law that are better suited for the Circuit Court. At a minimum, Plaintiff's allegations appear to implicate obligations governed by one or more federal statues, including the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). Such statutes likely

---

[1] A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

65503821 v1

provide Navy Federal with potential defenses to Plaintiff's claims. Furthermore, Navy Federal anticipates that formal discovery, and potentially deposition practice, will be necessary to respond to Plaintiff's allegations and prepare an appropriate defense.

Based on the foregoing, as well as the testimony set forth in the Affidavit, Navy Federal requests that the Court find its defenses are sufficiently substantial, complex, and/or expensive to merit removal of this matter to Circuit Court.

In furtherance of its Motion, Navy Federal submits the cost bond sufficient to defray all costs that have accrued prior to the time application for removal is made, as required by Tenn. Code Ann. § 16-15-732(b).

WHEREFORE, Navy Federal respectfully requests that the Court grant its motion to remove this action to Circuit Court and grant any other relief the Court deems just and proper.

DATED: February 17, 2026.

Respectfully submitted,

*/s/ Cole Hodge*
Cole Hodge, Esq. (BPR No. 039337)
BURR & FORMAN LLP
200 East Broward Boulevard, Suite 1020
Fort Lauderdale, FL 33301
Telephone: (954) 414-6200
Facsimile: (954) 414-6201
Email: chodge@burr.com
Email: rzamora@burr.com
Email: flservice@burr.com

*Counsel for Defendant*
NAVY FEDERAL CREDIT UNION

GENERAL SESSIONS CIVIL
FEB 18 '26 PM12:49

2

65503821 v1

## COST BOND

We, the undersigned, hereby acknowledge Burr & Forman, LLP as surety for the costs in this cause in accordance with Tenn. Code Ann. § 16-15-732(b).

/s/ Cole Hodge
Cole Hodge, Esq. (BPR No. 039337)
BURR & FORMAN LLP

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 17, 2026, I filed the foregoing with the Clerk of Court using the e-filing system. **I FURTHER CERTIFY** that copy of the foregoing was served by US Mail upon:

Porcha Antraves Brown
4760 Egret Drive S., Apt. 103
Millington, TN 38138
*Pro Se Plaintiff*

/s/ Cole Hodge
Cole Hodge, Esq. (BPR No. 039337)
BURR & FORMAN LLP

3

65503821 v1

# EXHIBIT "A"

9214890194038347971768





**Tre Hargett**
Secretary of State

**Division of Business and Charitable Organizations**
**Department of State**
State of Tennessee
312 Rosa L. Parks Avenue, 6th Floor
Nashville, Tennessee 37243
Phone: (615) 741-2286
sos.tn.gov/

NAVY FEDERAL CREDIT UNION
820 FOLLIN LANE SE
VIENNA, VA 22180

12/19/2025

<div style="transform: rotate(180deg)">
GENERAL SESSIONS CIVIL
FEB 18 '26 PM12:50
</div>

RE: PORCHA ANTRAVES BROWN

VS: NAVY FEDERAL CREDIT UNION

## Notice of Service

The enclosed process, notice or demand is hereby officially served upon you by the Tennessee Secretary of State pursuant to Tennessee law. Please refer to the process, notice or demand for details concerning the legal matter. If you have any questions, please contact the clerk of the court that issued the process, notice or demand.

The process, notice or demand may have a court date and time that you must appear to defend yourself or the number of days from the date of service by which you are required to file an answer. Failure to appear in court at the time specified or failure to file an answer in the given time could result in a default judgement being rendered against you for relief sought in the lawsuit.

The Secretary of State's office cannot give you legal advice. If you need legal advice, please consult a private attorney.

Tre Hargett
Secretary of State

**DOCUMENT INFORMATION**

| | |
|---|---|
| SOS Summons #: | C2025112766 |
| Case #: | 2350612 |
| Certified #: | 9214890194038347971768 |

SS-4214 (Rev. 8/15)

RDA 1003

SEC of State

I, Alexis Mahon Deputy clerk of the Court of General Sessions, Shelby County, Tennessee do hereby certify this to be an accurate copy of the original Civil Warrant filed this 11th day of DEC 2025

## State of Tennessee, County of Shelby

CIVIL WARRANT NO.  2350012

**To Any Lawful Officer to Execute and Return:**

Summon to appear before the Court of General Sessions of Shelby County, Tennessee, Room 106 Shelby County Courthouse, 140 Adams Ave., Memphis, Tennessee

Navy Federal Credit Union
**Defendant**                    **Defendant**                    **Defendant**

820 Follin Lane SE
**Address** VA 22180          **Address**                    **Address**
Vienna, VA 22180

on DAY Wed.  DATE March 11 20 26 TIME 10:00   A.M. / P.M.

to answer in a civil action brought by the Plaintiff (s) Porcha Antraves Brown

for failure to validate a debt, reported false information, sent contradictory collection notices including a repossession threat, ignored my dispute and administrative process. I've exhausted all remedies so I'm seeking relief

under 10,000 Dollars    Atty. For Plft. (Pro Se) Porcha A Brown

Issued this 11 day of DEC, 2025   Address 4760 Egypt Dr S #103 Millington TN 38053
Phone 901-499-7927

**TAMARA A. SAWYER Clerk of**
**General Sessions Court Code No.**

B.P.R. No.

By_____
                    Deputy Clerk

## JUDGMENT

Judgment for_____

_____ and Cost

of suit and litigation taxes, for which Execution may issue.

This_____ day_____ 20____  _____

                                   Judge of Division _____

## SERVICE

Came to hand same day issued and executed as commanded on_____   Came to hand same day issued and executed as commanded on_____

This____ day of____ 20__   This____ day of____ 20__
        Sheriff/Process Server            Sheriff/Process Server
***SEE OTHER SIDE FOR ADDITIONAL SERVICE****

****AND NOTICE TO DEFENDANT(S)****

Came to hand same day issued and executed as commanded on _____

_____

_____

This_____ day of _____ 20 _____

**Sheriff/Process Server**

Came to hand same day issued and executed as commanded on _____

_____

_____

This_____ day of _____ 20 _____

**Sheriff/Process Server**

## NOTICE

### TO THE DEFENDANT (S):

Pursuant to Tennessee code annotated 26-2-114, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court.
The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## AFFIDAVIT

To the best of my information and belief, after investigation of Defendant's employment, I hereby make affidavit that the Defendant is / is not a member of a military service.

_____
Attorney for Plaintiff or Plaintiff

_____
Notary Public

My Commission Expires:_____

**For Assistance in accessing the Courthouse:**
**(901) 222-2341**

I, _Alexis Mahon_
Deputy clerk of the Court of
General Sessions, Shelby County,
Tennessee do hereby certify this
to be an accurate copy of the original
Civil Warrant this _____
day _____

**State of Tennessee, County of Shelby**

GENERAL SESSIONS CIVIL
FEB 18 '26 12:50

CIVIL WARRANT NO. _2350612_

**To Any Lawful Officer to Execute and Return:**
Summon to appear before the Court of General Sessions of Shelby County, Tennessee, Room 106
Shelby County Courthouse, 140 Adams Ave., Memphis, Tennessee

_Navy Federal Credit Union_ Defendant                    Defendant _____
**Defendant**
_820 Follin Lane SE_                    Address _____
**Address** _Vienna, VA 22180_    Address _____
on DAY _Wed_ DATE _March 11_ 20 _26_ TIME _10:00_    (A.M.)/ P.M.

to answer in a civil action brought by the Plaintiff (s) _Porcha Antraves Brown_

for _failure to validate a debt, reported false information, sent contradictory
collection notices including a repossession threat, ignored my dispute and
administrative process. I've exhausted all remedies so I'm seeking relief_
under _10,000_ Dollars    Atty. For Plff. (Pro Se) _Porcha A Brown_
Issued this _11_ day of _Dec_ 20 _25_    Address _4760 Egret Dr S #103 Millington TN 380_
Phone _901-499-7927_

**TAMARA A. SAWYER Clerk of**
**General Sessions Court** Code No. _____    B.P.R. No. _____

By _____
                    Deputy Clerk

**JUDGMENT**
_____ Judgment for _____
_____ and Cost
of suit and litigation taxes, for which Execution may issue.

This _____ day _____ 20 _____    _____
                    Judge of Division _____

**SERVICE**
Came to hand same day issued and executed as    Came to hand same day issued and executed as
commanded on _____    commanded on _____

This _____ day of _____ 20 _____    This _____ day of _____ 20 _____
                    Sheriff/Process Server    Sheriff/Process Server
                    ***SEE OTHER SIDE FOR ADDITIONAL SERVICE****

****AND NOTICE TO DEFENDANT(S)****

| Came to hand same day issued and executed as commanded on _____ | Came to hand same day issued and executed as commanded on _____ |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| This_____ day of _____ 20 ____ | This_____ day of _____ 20 ____ |
| _____  Sheriff/Process Server | Sheriff/Process Server |

## NOTICE

### TO THE DEFENDANT (S):

Pursuant to Tennessee code annotated 26-2-114, you are hereby given the following notice: Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## AFFIDAVIT

To the best of my information and belief, after investigation of Defendant's employment, I hereby make affidavit that the Defendant is / is not a member of a military service.

_____
Attorney for Plaintiff or Plaintiff

_____
Notary Public

My Commission Expires:_____

**For Assistance in accessing the Courthouse:**
**(901) 222-2341**

**Division of Business and
Charitable Organizations**
Secretary of State Tre Hargett



**State of Tennessee**
312 Rosa L. Parks Avenue, 6th Floor
Nashville, Tennessee 37243-1102

2350612

CERTIFIED MAIL

USPS CERTIFIED MAIL



9214 8901 9403 8347 9717 68

FIRST-CLASS



US POSTAGE

ZIP 37243   $ 008.86
02 7M
0009032158 DEC 23 2025

NAVY FEDERAL CREDIT UNION
820 FOLLIN LANE SE
VIENNA, VA 22180
USA

2218084907 0907

# EXHIBIT "B"

# EXHIBIT "B"

IN THE GENERAL SESSIONS COURT FOR SHELBY COUNTY TENNESSEE

PORCHA ANTRAVES BROWN,                    )
    Plaintiff,                        )
                                      )
v.                                        )
                                      )
NAVY FEDERAL CREDIT UNION                 )    CASE NO. 2350612
    Defendant,                        )
                                      )

## AFFIDAVIT OF COLE HODGE

1.    I am over the age of twenty-one (21) years and am competent to testify to matters contained herein.

2.    I have personal knowledge of the facts contained herein.

3.    I am an attorney with the law firm of Burr & Forman LLP. I have previously represented Navy Federal Credit Union ("Navy Federal"), as well as other comparable clients, in similar litigation matters, including, but not limited to, actions for violations of state and federal consumer protection laws.

4.    I have also reviewed documents provided by Plaintiff, Porcha Antraves Brown ("Plaintiff"), via email on or about February 3, 2026 and February 4, 2026, which purportedly support Plaintiff's allegations and claims in this lawsuit.

5.    Based on my review of the operative complaint ("Complaint") and these aforementioned documents, and due to my prior experience litigating similar matters, I attest that I reasonably anticipate Navy Federal having one or more defenses governed by federal law, including, but not limited to, the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit

65507037 v1

Reporting Act ("FCRA"). I also anticipate Navy Federal needing to propound written discovery to Plaintiff and/or take Plaintiff's deposition, to fully develop its defenses in this action.

6.      Importantly, given the allegations in the Complaint, the following questions of fact and/or law are at issue for the purposes of Navy Federal's Motion to Remove to Circuit Court:

a.   Whether Navy Federal has standing, or is otherwise entitled, to enforce the subject loan agreement and collect on the account at issue;

b.   Whether Navy Federal is properly reporting Plaintiff's account at issue to the credit reporting agencies ("CRAs");

c.   Whether Plaintiff has submitted a dispute as defined by the FCRA to any of the CRAs;

d.   Whether Navy Federal is entitled, or may be entitled, to repossession of the subject vehicle;

e.   Whether Plaintiff asserts any claims against Navy Federal for violation of any state or federal statutes;

f.   Whether any federal statute preempts, or otherwise, displaces Plaintiff's state-law claims against Navy Federal; and/or

g.   The current outstanding balance of the subject account.

7.      Given allegations in the Complaint, it may also be necessary for Navy Federal to bring a counterclaim against Plaintiff in this action.

8.      Finally, depending on the facts learned during the discovery process, it is not uncommon, if not customary, in these types of cases, for Navy Federal to file a full or partial dispositive motion.

65507037 v1

I, Cole Hodge, Esq, verify that, based upon matters within my personal knowledge and on

information that has been provided to me, the foregoing is true and correct.

Executed on __February 17__, 2026.

/s/ ~~Cole Hodge~~

Cole Hodge, Esq. (BPR No. 039337)
BURR & FORMAN LLP

STATE OF __Florida__     )

                         )

COUNTY OF __Broward__    )

Taylor Amanda Harrison
Comm.: HH 746207
Expires: Dec. 3, 2029
Notary Public - State of Florida

Sworn to and subscribed before me on this the __17__ day of __February__, 2026.

Notary Public

My Commission Expires: __December 3, 2029__

65507037 v1

## IN THE CIRCUIT COURT FOR SHELBY COUNTY TENNESSEE

PORCHA ANTRAVES BROWN,                    )        CASE NO. CT-1361-26
Plaintiff,                                )
                                          )
v.                                        )
                                          )
NAVY FEDERAL CREDIT UNION,                )
Defendant,                                )
                                          )
                                          )
                                          )

## AMENDED COMPLAINT

Plaintiff, Porcha Antraves Brown, appearing pro se, states as follows:

INTRODUCTION

This action arises from Defendant, Navy Federal Credit Union, failure to properly investigate and validate a disputed debt, continued furnishing of inaccurate information, and willful conduct resulting in significant harm to Plaintiff's credit and financial standing.

FACTUAL ALLEGATIONS

1. On or about September 8, 2025, Plaintiff submitted a written dispute to Defendant requesting validation of the alleged debt.

2. Plaintiff requested documentation including a full accounting, contract terms, and proof of Defendant's authority to collect.

3. Defendant failed to provide sufficient documentation to validate the debt.

4. Despite actual notice of dispute, Defendant continued furnishing negative information to consumer reporting agencies.

5. On December 3, 2025, Plaintiff filed a complaint with the Consumer Financial Protection Bureau.

6. On January 22, 2026, Defendant responded stating the debt was valid and that it would continue reporting the account as accurate.

7. Defendant's response failed to include a full accounting or documentation sufficient to establish the basis of Defendant's authority to enforce the alleged obligation.

8. Defendant knowingly continued reporting negative information despite the unresolved dispute.

9. Defendant issued contradictory statements claiming it was not attempting to collect a debt while reporting delinquency.

10. Defendant threatened repossession while validation remained unresolved.

11. Plaintiff suffered a significant drop in credit score, financial harm, and emotional distress.

12. Plaintiff's damages are ongoing as Defendant continues to furnish inaccurate information.

13. Plaintiff disputed the account with consumer reporting agencies, which notified Defendant pursuant to the Fair Credit Reporting Act.

14. Defendant failed to conduct a reasonable investigation as required under the Fair Credit Reporting Act after receiving such notice.

15. Defendant's conduct reflects a pattern of disregard for Plaintiff's rights.

CAUSES OF ACTION

COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. § 1681s-2(b)

Defendant failed to conduct a reasonable investigation after receiving notice of the dispute from one or more consumer reporting agencies.

COUNT II – FURNISHING INACCURATE INFORMATION

15 U.S.C. § 1681s-2(a)(1)(A)

Defendant furnished information it knew or should have known was inaccurate.

COUNT III – WILLFUL NONCOMPLIANCE

15 U.S.C. § 1681n

Defendant knowingly continued harmful reporting.

COUNT IV – NEGLIGENT NONCOMPLIANCE

15 U.S.C. § 1681o

Defendant failed to exercise reasonable care.

COUNT V – DEFAMATION OF CREDIT

Defendant furnished false information with malice or reckless disregard.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Actual damages;

B. Statutory and punitive damages;

C. Costs and fees;

D. Injunctive Relief requiring Defendant to:

- cease reporting disputed information;

- conduct a proper investigation;

- correct or delete inaccurate information;

E. Declaratory relief;

F. Monetary damages within jurisdictional limits;

G. Any other relief deemed just;

H. If Defendant cannot prove authority to collect:

- cease all collection activity;

- remove all reporting;

- prevent further harm.


Respectfully submitted,


Porcha Antraves Brown

Pro Se Plaintiff


Porcha Antraves Brown

Pro Se Plaintiff


CERTIFICATE OF SERVICE


I certify that a true and correct copy of this Amended Complaint was served upon counsel for Defendant via email and/or U.S. Mail on this 1st day of April, 2026.


Porcha Antraves Brown